**HONE LAW**
Jill Garcia, NV Bar No. 7805
jgarcia@hone.law
Amy L. Howard, NV Bar No. 13946
ahoward@hone.law
701 N. Green Valley Parkway, Suite 200
Henderson, NV 89074
Phone  702-608-3720
Fax     702-703-1063

*Attorneys for Plaintiff*
*Renee Dean*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RENEE DEAN, an individual,<br><br>                    Plaintiff,<br><br>         vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC., a Nevada corporation; DEMETRIUS BARNES, an individual; DOES I through X, inclusive; and ROE BUSINESS ENTITIES, I through X, inclusive,<br><br>                    Defendants. | Case No.  2:22-cv-141<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Renee Dean ("Dean"), by and through her undersigned counsel, files this Complaint against Defendants Wyndham Vacation Ownership, Inc. ("Wyndham") and Demetrius Barnes ("Barnes") (together, the "Defendants"), and states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. This is an action for damage brought by Plaintiff Dean for unlawful workplace discrimination and harassment based on sex, as well as retaliation, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and Nevada Revised Statute § 613.330, *et seq.*, and for certain other claims brought pursuant to Nevada law as outlined below.

2. Plaintiff Dean is, and was at all relevant times, an individual residing in Nevada.

3. Defendant Wyndham is, and was at all relevant times hereto, a corporation organized under the laws of the State of Delaware, with operations located in Las Vegas, Nevada.

1

4. Wyndham employs 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is therefore subject to the provisions of Title VII and the Nevada statutes outlined herein.

5. Defendant Barnes, an individual residing in Nevada, is a Floor Supervisor at Wyndham. At all times referenced herein, Barnes was responsible for the acts described while acting in his capacity as a supervisor for Wyndham.

6. All of the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendants, individually or acting by and through their agents and employees. Said acts and/or failures to act were within the scope of any agency or employment or were ratified by Defendants.

7. The names and capacities, whether individual, corporate, associate or otherwise, of Defendants and/or their alter egos sued herein as DOES I through X, and ROE Business Entities I through X, inclusive, are presently unknown, and Plaintiff therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names of any and all Doe and Roe defendants as alleged herein and/or after their true names and capacities are ascertained.

8. This Court has primary jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question) because Dean is making claims under Title VII. Additionally, this Court has supplemental jurisdiction over any state law claims pled pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district because all material allegations in this Complaint are believed to have occurred in Clark County, Nevada. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2).

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

10. Dean incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

///



11. On or about November 17, 2020, Dean initiated the process of filing a Charge of Discrimination against her former employer Wyndham, a defendant named in this action with the Nevada Equal Rights Commission, wherein she alleged discrimination and harassment based on sex, as well as alleging retaliation.

12. Dean's initiation of the process of filing a Charge of Discrimination against Wyndham on or about November 17, 2020 was timely pursuant to Declaration of Emergency Directive 009 (Revised) and Declaration of Emergency Directive 026 issued by Nevada Governor Steve Sisolak, which tolled the statute of limitations for reporting employment violations during the global COVID-19 pandemic.

13. On or about December 29, 2021, the EEOC issued a Notice of Right to Sue.

14. This action is timely filed pursuant to 42 U.S.C § 2000e-5(f).

15. Plaintiff has exhausted her administrative remedy on all claims pled hereunder prior to filing this action with the Court.

## GENERAL ALLEGATIONS

16. Dean incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

*Dean Is an Outstanding Employee*

17. On or about January 4, 2019, Wyndham hired Dean as a sales representative in its Las Vegas office.

18. Dean quickly experienced success in her career with Wyndham and became a top sales representative within months of starting her employ, earning commissions of approximately $18,000 per month.

19. Dean experienced success despite the sexual harassment she was forced to endure regularly by Barnes from the beginning of her employment until December 2, 2019, the date she was wrongfully terminated.

///

///

///

***Barnes Subjects Dean to Constant Unlawful Sexual Harassment***

20. During her employment with Wyndham, Dean reported to Barnes, a Floor Supervisor at Wyndham's Las Vegas Office.

21. In his role as her supervisor, Barnes oversaw Dean's work, including assisting her as a Take-Over Manager in closing deals.

22. Barnes was located in a cubicle near Dean and had daily contact with her.

23. Starting on or about the beginning of her employment, Barnes constantly subjected Regge to unwelcome verbal and physical conduct of a sexual nature in the workplace.

24. Barnes constantly commented on Dean's appearance, including her clothing, shoes, and hair style.

25. Barnes would regularly ask Dean how much it would cost to date her, both implying she would prostitute herself out to him and pressuring her to do so. Indeed, Barnes offered Dean money in exchange for romantic and sexual favors on a regular basis.

26. Dean refused Barnes' sexual advances.

27. In addition, Barnes routinely made offensive and sexually suggestive comments to Dean in the workplace.

28. For example, on one occasion, when Dean was speaking with other female co-workers, and a co-worker mentioned sausage and eggs for breakfast, Barnes inserted himself into the conversation and asked, "want to see my sausage," referring to his genitals. Barnes also stated that his "sausage" was folded in half, and that "it would grow."

***Wyndham Wrongfully Terminates Dean***

29. On or about December 2, 2019, Wyndham terminated Dean's employment.

30. Dean was terminated due to her refusal to reciprocate Barnes' sexual advances.

***Wyndham Overtly Tolerated Inappropriate Behavior by Barnes and Took No Action to Remedy the Hostile Work Environment***

31. Upon information and belief, Dean is not the first woman at Wyndham to be sexually harassed by Barnes.



32. Upon information and belief, Wyndham received prior complaints about Barnes' sexual misconduct while working at another location. Also, upon information and belief, this was part of the reason why Wyndham transferred Barnes to the Las Vegas office.

33. As detailed herein, Barnes sexual misconduct continued following his transfer to the Las Vegas office.

34. Upon information and belief, Wyndham terminated at least two other female employees in the Las Vegas office that Barnes sexually harassed.

35. Taken together, Wyndham overtly tolerated unlawful behavior by Barnes and took no action to remedy this hostile work environment.

*Dean Suffered Mentally and Emotionally as a Result of Barnes' Conduct*

36. Dean suffered significant mental and emotional distress due to the hostile work environment at Wyndham.

37. Dean was extremely embarrassed when Barnes would make inappropriate and demeaning sexual comments to her in the workplace.

38. Dean also experienced severe stress and anxiety when Barnes would offer her money in exchange for sexual favors and when she was wrongfully terminated in retaliation for refusing Barnes' sexual advances.

## CAUSES OF ACTION

**COUNT I – Discrimination Based on Sex in Violation of Title VII and NRS § 613.330**

**(Defendant Wyndham)**

39. Dean incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

40. Dean is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on sex (female), including harassment of a sexual nature.

41. Wyndham is an employer subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, and thus, has a legal obligation to provide Dean with a work environment free from discrimination and harassment.

42. Wyndham refused to take reasonably adequate steps to prevent discrimination and harassment against Dean.

43. Wyndham discriminated against Dean and subjected her to harassment when she was subjected to verbal or physical conduct of a sexual nature in the workplace by, among other things, Barnes constantly commenting on her look/dress appearance, Barnes offering her money in exchange for sexual favors on a regular basis, and Barnes regularly made offensive and sexually suggestive comments to Dean.

44. The foregoing conduct was unwelcomed.

45. The foregoing conduct was sufficiently severe or pervasive to alter the conditions of Dean's employment and create an abusive working environment.

46. Wyndham failed to remedy the foregoing conduct of which it knew or should have known.

47. No other similarly situated persons, not of Dean's protected class, were subject to the same or substantially similar conduct.

48. Dean has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

49. Wyndham intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and terminated Dean, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Dean's protected rights.

50. Due to Wyndham's violations of Title VII and NRS 613.340, Dean was forced to bring this action and is entitled to recover her attorney's fees and costs.

51. Further, Wyndham violated Title VII and NRS 613.340 with an intent to injure Dean or with a conscious disregard of her rights.

52. Wyndham's violations of Title VII and NRS 613.340 constitute despicable conduct that subjected Dean to cruel and unjust hardship with a conscious disregard of her rights.

53. Dean requests relief as described in the Prayer for Relief below.

**COUNT II – Retaliation in Violation of Title VII and NRS § 613.340**

**(Defendant Wyndham)**

54. Dean incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

55. Federal and state statutes, 42 U.S.C § 2000e-3 and NRS § 613.340, prohibit employers from retaliating against employees when engaging in protected activities.

56. Dean engaged in a protected activity when she refused Barnes' sexual advances.

57. Wyndham, through its managers and directors, took materially adverse actions and otherwise retaliated against Dean for participating in this protected activity when it terminated Dean.

58. The above listed materially adverse employment action would deter a reasonable person from engaging in protected activity protected by Title VII and NRS § 613.340.

59. Wyndham failed to adequately supervise, control, discipline or otherwise penalize the conduct, acts, and failures of its employees and thereby ratified these wrongful actions.

60. Wyndham's material adverse actions would not have occurred but for the retaliation.

61. Dean has suffered damages including lost wages (including back pay and front pay), lost employment, lost benefits, lost earning capacity, lost opportunities, emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life in an amount to be proven at trial.

62. Wyndham intentionally, voluntarily, deliberately, and willfully retaliated against, discriminated against, and terminated Dean, and such actions were intentional, willful, malicious, and/or done with reckless disregard for Dean's protected rights.

63. Due to Wyndham's violations of Title VII and NRS 613.340, Dean was forced to bring this action and is entitled to recover her attorney's fees and costs.

64. Further, Wyndham violated Title VII and NRS 613.340 with an intent to injure Dean or with a conscious disregard of her rights.

/ / /

65. Wyndham's violations of Title VII and NRS 613.340 constitute despicable conduct that subjected Dean to cruel and unjust hardship with a conscious disregard of her rights.

66. Dean requests relief as described in the Prayer for Relief below.

### COUNT III – Intentional Infliction of Emotional Distress

### (All Defendants)

67. Dean incorporates by reference all preceding allegations set forth in the Complaint as if fully stated herein.

68. Defendants' conduct was extreme and outrageous in constantly subjecting Dean to sexual harassment including, without limitation, Barnes constantly commenting on her look/dress appearance, Barnes offering her money in exchange for sexual favors on a regular basis, and Barnes regularly made offensive and sexually suggestive comments to Dean.

69. Defendants' conduct was further extreme and outrageous when they terminated Dean in retaliation for her refusal to reciprocate Barnes' sexual advances.

70. Defendants intended to cause emotional distress to Dean or acted with reckless disregard of causing her emotional distress.

71. Dean suffered severe or extreme emotional distress as a result of Defendants' conduct including, but not limited to, severe or extreme emotional pain and suffering, inconvenience, mental anguish, and lost enjoyment of life.

72. Defendants violated Title VII with an intent to injure Dean or with a conscious disregard of her rights or safety.

73. Defendants' acts also constitute despicable conduct that subjected Dean to cruel and unjust hardship with a conscious disregard of her rights.

### JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For damages, the full amount to be determined at trial;

2. For punitive damages in an amount to be determined at trial;

3.   For attorneys' fees and costs as may be recoverable in connection with this suit; and,

4.   For such other and further relief as this court deems just and equitable.

Dated this 26th day of January 2022.

                                              HONE LAW

                                              */s/ Jill Garcia*

                                              Jill Garcia, NV Bar No. 7805
                                              jgarcia@hone.law
                                              Amy L. Howard, NV Bar No. 13946
                                              ahoward@hone.law
                                              701 N. Green Valley Parkway, Suite 200
                                              Henderson NV 89074

                                              *Attorneys for Plaintiff*
                                              *Renee Dean*